**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff<br><br>v.<br><br>JOSE LUIS VAELLO-MADERO, Defendant | Case No. 17-2133 (GAG) |

**JOSE LUIS VAELLO-MADERO'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Jose Luis Vaello-Madero, by his undersigned attorneys, files his answer and affirmative defenses to Plaintiff United States of America's Complaint (the "Complaint"), and states as follows:

**ANSWER**

1. Paragraph 1 of the Complaint does not require a response from Mr. Vaello-Madero.

2. Paragraph 2 of the Complaint does not require a response from Mr. Vaello-Madero.

3. Mr. Vaello-Madero admits the allegation in paragraph 3 of the Complaint.

4. Mr. Vaello-Madero admits that he moved to Puerto Rico in July 2013, but denies the remainder of the allegations in paragraph 4 of the Complaint.

5. Mr. Vaello-Madero admits that the Social Security Administration ("SSA") paid the amount of $28,081.00 in Social Security Title XVI disability benefits for the period July

2013 to August 2016, but denies the remainder of the allegations in paragraph 5 of the Complaint.

## **BACKGROUND OF THE CASE**

6.  Between 1985 and 2013, Mr. Vaello-Madero was a resident of New York.

7.  While residing in New York and experiencing severe health problems, Mr. Vaello-Madero applied for Social Security Title XVI Supplemental Security Income ("SSI") disability benefits with the assistance of a non-profit organization.

8.  Mr. Vaello-Madero received his SSI disability payments through direct deposit into a New York bank account opened with the assistance of the same non-profit organization that had helped Mr. Vaello-Madero with his SSI application.

9.  On July 6, 2013, Mr. Vaello-Madero moved to Loiza, Puerto Rico to help care for his wife, who had previously moved to Loiza due to her own health issues. He continued to receive SSI disability payments through direct deposit into his New York bank account.

10. In June 2016, approximately one month before his 62nd birthday, Mr. Vaello-Madero applied to receive Title II social security benefits. He was assisted in his application by an SSA employee at the SSA office in Carolina, Puerto Rico.

11. The SSA employee noted that Mr. Vaello-Madero was already in SSA's beneficiary database and asked Mr. Vaello-Madero if he was a resident of New York. After confirming that he no longer lived in New York, he was told that in order to be able to receive his Title II social security benefits he could no longer receive SSI disability payments. He was asked to sign a few forms so as to finalize his application.

12. Mr. Vaello-Madero was not aware at the time of his move that moving to Puerto Rico would affect his ability to receive SSI disability benefits.

13. Mr. Vaello-Madero received his last SSI disability payment in August 2016.

## FIRST AFFIRMATIVE DEFENSE

14. Plaintiff has asserted 42 U.S.C. §408(a)(4) as one of the bases of jurisdiction for this action. 42 U.S.C. §408(a)(4) requires an intent to fraudulently secure payment when no payment is authorized under the Social Security Act. Plaintiff has failed to allege specific intent to defraud by Mr. Vaello-Madero.

## SECOND AFFIRMATIVE DEFENSE

15. A violation under 42 U.S.C. §408(a)(4) is a felony, potentially resulting in imprisonment of up to five years. Any prosecution under 42 U.S.C. §408(a)(4) can only be instituted after presentment or indictment by a Grand Jury, which has not occurred here. To the extent Plaintiff's action is a proceeding under 42 U.S.C. §408(a)(4), Plaintiff has violated Mr. Vaello-Madero's due process rights under the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

16. To the extent that Title XVI of the Social Security Act denies residents of Puerto Rico the right to receive the federally funded portion of SSI benefits to the same extent as residents of the United States (defined in Section 1614(e) of the Social Security Act as "the 50 states and the District of Columbia"), it is unconstitutional as a violation of the equal protection guarantee of the due process clause of the Fifth Amendment to the United States Constitution.

## ADDITIONAL AFFIRMATIVE DEFENSES

17. Mr. Vaello-Madero reserves the right to interpose any and all additional affirmative defenses to the Complaint as may be revealed through discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Jose Luis Vaello-Madero respectfully seeks judgment:

A. Dismissing with prejudice the claim asserted against Mr. Vaello-Madero;

B. Declaring that Title XVI of the Social Security Act is unconstitutional to the extent it denies residents of Puerto Rico the same participation in the SSI program as residents of the United States (as defined in Section 1614(e));

C. Reinstating Mr. Vaello-Madero's SSI benefits, and granting him benefits retroactive to the date of termination; and

D. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Mr. Vaello-Madero hereby demands a trial by jury in this matter.

Date: February 1, 2018

Respectfully submitted,

*/s/ John W. Ferré-Crossley*
John W. Ferré-Crossley
USDC-PR No. 227703
johnferre@gmail.com

Hermann Ferré (admitted *pro hac vice*)
hferre@curtis.com
Juan Perla (admitted *pro hac vice*)
jperla@curtis.com
Robert Groot (admitted *pro hac vice*)
rgroot@curtis.com

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Tel: (212) 696-6000
Fax: (212) 697-1559

*Counsel for Defendant*
*Jose-Luis Vaello Madero*

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of such filing to all CM/ECF Participants.

In San Juan, Puerto Rico, this 1st day of February, 2018.

*/s/ John W. Ferré-Crossley*
John W. Ferré-Crossley
USDC-PR No. 227703
johnferre@gmail.com