IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-02133-GAG |
| ) | |
| ) | |
| JOSE LUIS VAELLO-MADERO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT CASE MANAGEMENT MEMORANDUM**

**COME NOW** the parties, through the undersigned attorneys, and respectfully submit this Initial Scheduling Memorandum in compliance with the Court's Order issued on May 14, 2018 (Docket No. 38).

**I.    Jurisdictional Issues**

   **A.    Plaintiff:**

Plaintiff's position is that the Court lacks subject matter jurisdiction over this action.

   **B.    Defendant:**

Defendant maintains that the Court is properly vested with subject matter jurisdiction and has so ruled.


**II.    Joinders of Parties or Claims**

The parties are aware that the Court invited the Government of Puerto Rico and Puerto Rico's Resident Commissioner to participate in this case.   Both the Government of Puerto Rico

1

and the Resident Commissioner have already entered appearances as amicus curiae. The parties do not anticipate joining additional parties or claims at this time.

### III. Amendments to Pleadings

The parties do not anticipate amendments to the pleadings at this time.

### IV. Material Factual Contentions and Applicable Rules of Law

The parties do not believe that any material factual disagreements exist, in light of their agreement to stipulate to the material facts in this case (*see infra* part V). The parties anticipate presenting what they respectively believe to be the applicable rules of law in their respective forthcoming dispositive motion briefs.

### V. Framing of Stipulations Concerning Factual Admissions and Documents With Respect to Which There Will Be No Discovery So As to Avoid Unnecessary Proof

The parties stipulate to the following:

1. The defendant, Jose Luis Vaello Madero (Vaello Madero), was a Social Security Administration (SSA) Title XVI Supplemental Security Income (SSI) disability recipient, and currently receives SSA Title II benefits.

2. SSI is a federal income supplement program funded by general tax revenues, and not by Social Security taxes.

3. Vaello Madero formerly resided in the State of New York.

4. During his residency in New York, Vaello Madero became a recipient of SSI benefits.

2

5. In June 2012, SSA sent Vaello Madero a 16 page Notice of Award describing the amounts of his SSI benefits, including back payments and future monthly payments, and explaining how the amounts were calculated. The Notice of Award also provided additional information, including that Vaello Madero was required to report if he moved to a different address.

6. In or about July 2013, Vaello Madero moved to Puerto Rico.

7. Vaello Madero did not notify SSA of his relocation to Puerto Rico.

8. Vaello Madero continued receiving SSI benefits while residing in Puerto Rico.

9. On July 27, 2016, SSA sent written notice to Vaello Madero advising him that the agency was lowering his monthly SSI benefits payment from $733.00 to $0 beginning September 2016.

10. The notice further states that SSA was changing Vaello Madero's past benefit amounts from the period of August 2014 through August 2016 to $0 because Vaello Madero was residing outside the United States during that period of time and was thus ineligible for SSI.

11. The notice advised Vaello Madero of his right to appeal SSA's determination within 60 days.

12. SSA sent Vaello Madero another notice dated August 15, 2016, advising him of a change in his SSI benefits during the period of August 1, 2013 through July 31, 2014 to $0.

13. The August 15, 2016 notice also advised Vaello Madero of his right to appeal SSA's determination within 60 days.

14. Vaello Madero did not file an appeal or hearing request in writing with respect to either notice.

15. Neither of the two notices referenced above requested reimbursement of any funds, nor did they indicate whether Vaello Madero was liable for any overpayments. Both notices stated that SSA may contact him in the future "about any payments we previously made."

16. SSA did not send Vaello Madero a Notice of Overpayment advising him that he had accrued an overpayment of SSI benefits in connection with the benefit reductions.

17. For the period August 1, 2013 to August 31, 2016, Vaello Madero received $28,081 in SSI benefits from SSA.

### VI. Time Reasonably Required for Completion of Discovery

The parties do not believe that discovery is warranted in this action, which is an action by the United States to recover benefit payments, and thus exempt from initial disclosure under Fed. R. Civ. P. 26(a)(1)(B)(vi).

### VII. Time Estimated for Filing and Disposition of Pending or Reasonably Anticipated Motions

Defendant anticipates moving for summary judgment on or before August 24, 2018. Plaintiff anticipates filing a combined cross-motion for summary judgment and opposition to Defendant's motion on or before October 10, 2018. Defendant anticipates filing a reply brief in support of his motion and in opposition to the Plaintiff's cross-motion on or before October 24, 2018. Plaintiff anticipates filing a reply brief in support of its cross-motion on or before November 7, 2018.

The parties propose that amicus briefs be due on or before November 7, 2018, and that any responsive brief by the parties to any such amicus briefs be due on or before November 21, 2018.

VIII.    **Desirability of Separation of Issues and Limits on Discovery**

As explained above, the parties do not believe that discovery is warranted.

IX.    **Pending or Contemplated Related Actions**

The parties are aware of pending civil actions raising similar legal issues to those raised here, but do not consider those actions to be related to this case.

X.    **Need to Adopt Special Procedures**

The parties do not anticipate that it will be necessary to adopt any special procedures for managing this case.

XI.    **Possibility of Settlement or Pretrial Adjudication**

The parties do not believe it is reasonable to expect to reach a settlement in this case. Because the parties do not anticipate trial will be necessary, they do not believe that pretrial adjudication will be warranted here.

XII.    **Anticipated Dates for Pretrial Conference and Trial**

The parties do not anticipate that trial will be necessary.

Dated: June 15, 2018                                              Respectfully submitted,

                                                                                CHAD A. READLER
                                                                                Acting Assistant Attorney General

JUDRY L. SUBAR
Assistant Director, Federal Programs Branch

/s/ *Daniel Riess*
DANIEL RIESS
Trial Attorney
U.S. Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: Daniel.Riess@usdoj.gov
*Attorneys for Plaintiff*


*/s/ John W. Ferré-Crossley*
John W. Ferré-Crossley
USDC-PR No. 227703
johnferre@gmail.com

CURTIS, MALLET-PREVOST,
   COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Tel:   (212) 696-6000

Hermann Ferré (*pro hac vice*)
hferre@curtis.com
Juan Perla (*pro hac vice*)
jperla@curtis.com
Robert Groot (*pro hac vice*)
rgroot@curtis.com

*Counsel for Defendant*
*Jose-Luis Vaello Madero*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will automatically send notifications of this filing to all attorneys of record.

*/s/ John W. Ferré-Crossley*
John W. Ferré-Crossley
USDC-PR No. 227703